IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STACY TERRY, ) | |
| ) | |
| v. ) | NO. 2:20-cv-01058-RAH-SRW |
| ) | |
| MATT W. ROBINETT, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**[1]

Before the court are the following motions: Defendants Lowe's Home Centers, LLC, Christopher B. Owens, and Joseph E. Stott's motion to dismiss (Doc. 13); Defendants Henry Lewis Gillis and Kristen Gillis's motion to dismiss or, in the alternative, for more definite statement (Doc. 20); Defendant Judge Johnny Hardwick's motion to dismiss (Doc. 22); Defendant Judge Brooke Reid's motion to dismiss (Doc. 23); Defendant Judge Tiffany McCord's motion to dismiss (Doc. 24); Defendant Judge Gregg Griffin's motion to dismiss (Doc. 25); Defendant Judge J.R. Gaines's motion to dismiss (Doc. 26); Defendant Matthew W. Robinett's motion to dismiss (Doc. 29); Defendant The Phoenix Insurance Company's motion for a more definite statement (Doc. 31) and motion to dismiss (Doc. 81); Defendant Amanda Beshear Cook's motion to dismiss or, in the alternative, motion for summary judgment (Doc. 35); and Defendant C. Mark Bain's motion to dismiss (Doc. 42).

For the reasons set forth below, the court concludes that Plaintiff's complaint is due to be dismissed without prejudice, that Plaintiff should be granted leave to file an amended complaint,

---

[1] United States District Judge R. Austin Huffaker, Jr., referred this matter to the undersigned Magistrate Judge for further proceedings and determination or recommendation as may be appropriate pursuant to 28 U.S.C. § 636. *See* Doc. 4.

and that all of Defendants' motions are due to be denied without prejudice.

**I.     Introduction and Background**

Plaintiff Stacy Terry filed this *pro se* action against the following defendants: Lowe's Home Centers, LLC; Christopher B. Owens; Joseph E. Stott; Henry Lewis Gillis; Kristen Gillis; Judge Johnny Hardwick; Judge Brooke Reid; Judge Tiffany McCord; Judge Gregg Griffin; Judge J.R. Gaines; Matthew W. Robinett; The Phoenix Insurance Company; Amanda Beshear Cook; and C. Mark Bain. Plaintiff alleges that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The complaint asserts violations of some 48 different federal, state and foreign statutes, rules, and canons including those relating to civil rights violations under 42 U.S.C. § 1983, breach of contract, insurance fraud, criminal civil rights violations, wire fraud, criminal identity theft, consumer law in the United Kingdom, Connecticut civil and criminal statutes of limitations, and violations of the Alabama Rules of Professional Conduct.

Plaintiff's complaint consists of 61 paragraphs and attaches 246 exhibits. Throughout her complaint Plaintiff makes factual allegations but does not tie these specifically to the federal, state, or local statutes or laws on which Plaintiff relies to assert her claims or specify which allegations and claims apply to which defendant. The complaint is not divided by counts or causes of action and indiscriminately groups defendants together. Plaintiff's claims appear to arise out of previous litigation in Alabama state court actions and proceedings involving Lowe's, a used car dealer, an apartment complex where she previously resided, and at least one lawyer who represented her in the case against the apartment complex. The confused and vague nature of Plaintiff's complaint is best exemplified in her paragraph entitled, "In Closing," which states:

> The Defendant, under the Color of Law, under the Color of State Law in his or her capacity as officers of the Court, and those Defendants that are governed by Canon law, is complicit in their unlawful acts, via internet, social network, ex parte communications, fraud upon the Court, manufactured, forged, altered documents Court documents, fraudulent claims filed with Medicare (Medicaid), Duress, Legal Malpractice Insurance, fraud, Breach of Contract under false pretenses, threats,

>   intimidation, Identities Theft, harassment, Gross Incompetency, Legal malpractice, discrimination, accost, conspired in concert to denies the right to Procedural Due Process, Substantive Due Process, rights that are protected, guaranteed by the United States Constitutional Amendments.

(Doc. 1, at 19-20).

## II.  Legal Standards

### A.  <u>Dismissal under Rule 12(b)(6)</u>

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007). The standard for a motion to dismiss under Rule 12(b)(6) was explained in *Twombly,* and refined in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), as follows:

>   Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Iqbal,* 556 U.S. at 678–79 (citations and internal edits omitted).

The *Twombly-Iqbal* two-step analysis begins "by identifying the allegations in the complaint that are not entitled to the assumption of truth" because they are conclusory.  *Id.* at 680; *Mamani v. Berzain,* 654 F. 3d 1148, 1153 (11th Cir. 2011) ("Following the Supreme Court's approach in *Iqbal,* we begin by identifying conclusory allegations in the Complaint."). After conclusory statements are set aside, the *Twombly-Iqbal* analysis requires the Court to assume the veracity of well-pleaded factual allegations, and then to determine whether they "possess enough

3

heft to set forth 'a plausible entitlement to relief.'" *Mack v. City of High Springs,* 486 F. App'x 3, 6 (11th Cir. 2012) (citation omitted.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' … that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). Establishing facial plausibility, however, requires more than stating facts that establish mere possibility.  *Mamani,* 654 F. 3d at 1156 ("The possibility that—*if* even a possibility has been alleged effectively—these defendants acted unlawfully is not enough for a plausible claim.") (emphasis in original). Plaintiffs are required to "allege more by way of factual content to nudge [their] claim[s] … across the line from conceivable to plausible." *Iqbal,* 556 U.S. at 683 (internal editing and citation omitted.).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). In considering a motion to dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Moreover, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The court need not, however, accept legal conclusions couched in the form of factual allegations. *See Diverse Power, Inc. v. City of LaGrange, Georgia*, 934 F.3d 1270, 1273 (11th Cir. 2019) (citing *Twombly*, 550 U.S. at 555).

While *pro se* complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "that does not give 'a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Woodroffe v. Fla. Dep't of Fin. Servs.*, 774 F. App'x 553,

4

554 (11th Cir. 2019) (citation omitted); *Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) ("Although we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings.").

### B.     Pleading-Rules 8(a)(2) and 10(b)

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The purpose of Rule 8(a)(2)'s pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citation omitted). Federal Rule 10(b) requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citation omitted).

### C.     Pleading Fraud-Rule 9(b)

Further, when a complaint alleges fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged'

5

and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (citation omitted). According to the Eleventh Circuit:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citation omitted); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). "Furthermore, Rule 9(b) requires more than conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008). Thus, while not every element must be stated with particularity, the plaintiff must plead more than generalized or conclusory statements setting out the fraud. *Knight v. Insulspan, Inc.*, No. 7:05-CV-02461-LSC, 2008 WL 11422535, at *4 (N.D. Ala. Jan. 17, 2008). "The particularity requirement of Rule 9(b) . . . still applies to *pro se* litigants, even though courts generally will allow *pro se* litigants some leniency." *Shabazz v. Bank of Am.*, No. 1:10-CV-0813-RWS-AJB, 2010 WL 11647333, at *12 (N.D. Ga. Oct. 26, 2010), *report and recommendation adopted*, No. 1:10-CV-0813-RWS, 2010 WL 11647469 (N.D. Ga. Nov. 29, 2010).

  D. **Shotgun Pleading**

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) ("We have condemned shotgun pleadings for decades."). "A shotgun pleading is one where 'it is

6

virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Nurse*, 618 F. App'x at 990 (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)); *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"). Shotgun pleadings present courts with "'the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses.'" *Anderson*, 77 F.3d at 367 (citation omitted); *Beckwith*, 146 F. App'x at 372 (citation omitted) ("We do not require the district court, or the defendants, to 'sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted.'"); *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008), *as recognized in Tarcoronte v. Cohen*, 654 F. App'x 445, 449 (11th Cir. 2016) ("[S]hotgun pleadings wreak havoc on the judicial system."). "Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006); *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010) ("Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways. The district court, faced with a crowded docket and 'whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials.'") (citation omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson*, 77 F.3d at 367.

The Eleventh Circuit has identified four types of shotgun pleadings: (1) pleadings that "contain[ ] multiple counts where each count adopts the allegations of all preceding counts, causing

each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23 (footnotes omitted).

"Under the Federal Rules of Civil Procedure, a defendant faced with a [shotgun] complaint . . . is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson*, 77 F.3d at 366; *see* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."). "[I]f, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader." *Byrne*, 261 F.3d at 1133. "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro*, 878 F.3d at 1295 (citation omitted). "'This is so even when the other party does not move to strike the pleading.'" *Novero v. Duke Energy*, 753 F. App'x 759, 765 (11th Cir. 2018) (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018)). "This authority includes the ability to strike *sua sponte* a complaint that does not comply with the pleading standards in Federal Rule of Civil Procedure 8(a) and to order the plaintiff to file an amended complaint curing the deficiencies." *Adeniji v. Att'y Gen. Middle Dist. of Fla.*, 786 F.

8

App'x 1002 (11th Cir. 2019) (citing *Vibe Micro*, 878 F.3d at 1295); s*ee also Wagner*, 464 F.3d at 1280 ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs[ ] failed to connect their causes of action to the facts alleged [in a manner sufficient to satisfy Rule 9(b)], the proper remedy was to order repleading *sua sponte*.").

"[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court 'should strike the [pleading] and instruct [the party] to replead the case—if [the party] could in good faith make the representations required by Fed. R. Civ. P. 11(b).'" *Jackson*, 898 F.3d at 1357 (citation omitted).[2, 3] "This initial repleading order comes with an implicit 'notion that if the

---

[2] Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

[3] In *Isaac v. United States*, 809 F. App'x 595 (11th Cir. 2020), the Eleventh Circuit found that the district court abused its discretion when it dismissed without prejudice the *pro se* plaintiff's complaint *sua sponte* because it failed to give the plaintiff an opportunity to replead his claims. *Id*. at 599. The Court cited *Vibe Micro*, 878 F.3d at 1295-96 for the proposition that "district courts should give litigants one opportunity to remedy a deficient pleading," noting that "[w]hile this Court said that *Vibe Micro* applied to counseled parties, there is no indication that it would not apply to *pro se* litigants, especially since *pro se* parties are entitled to more leniency." *Isaac*, 809 F. App'x at 599.

9

plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" *Vibe Micro*, 878 F.3d at 1295 (citation omitted). Also, "[i]n the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." *Id*. at 1296. "A chance to amend a complaint does not need to come in the form of a dismissal without prejudice or the striking of a portion of the complaint's allegations. It can also be accomplished by ordering the party to file a more definite statement. . . . [T]he key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them." *Jackson*, 898 F.3d at 1358.

## III. Discussion

Defendants have filed their respective motions to dismiss under various grounds. However, in addition to their motions to dismiss for failure to state a claim, some defendants, namely Henry Gillis, Kristen Gillis, Judge Hardwick, Judge Reid, Judge McCord, Judge Griffin, Judge Gaines, and The Phoenix Insurance Company, have also moved for a more definite statement. *See* Docs. 20; 22, at 4; 23, at 4; 24, at 4; 25, at 4; 26, at 4; and 31. Although Plaintiff did not file a separate motion seeking leave to amend her complaint, she has requested in some of her responses the opportunity to do so. *See* Docs. 37, at 2; 38, at 8.

Plaintiff's 21-page, 61-numbered paragraph complaint with 246 exhibits is a textbook example of a shotgun pleading, as the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; does not separate "into a different count each cause of action or claim for relief"; and asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1322-23. At the

beginning of her complaint, Plaintiff names numerous federal and state statutes, rules, and canons under which she requests relief. (Doc. 1, at 1, 5). However, Plaintiff thereafter makes factual allegations with no reference to the specific federal, state, or local statutes or laws on which she bases her claims. The complaint "does not separate h[er] claims by cause of action, draw any clear lines between the legal and factual bases for h[er] claims, or set forth the elements of any of h[er] claims." *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 2723 (2020), *reh'g denied*, 141 S. Ct. 211 (2020). Further, the complaint is not clear as to which allegations of fact are intended to support the claims cited at the beginning of the complaint. Instead, Plaintiff appears to rely upon every preceding paragraph of the 21-page complaint as support for her claims. As Plaintiff does not identify which "allegations of fact are intended to support which claim(s) for relief," she makes it "virtually impossible to know" from her complaint which facts support which claims. *Anderson*, 77 F.3d at 366; *Weiland*, 792 F.3d at 1320.

Moreover, Plaintiff does not attempt to identify the specific federal or state laws under which she asserts her specific claims, her supporting factual allegations are rambling and vague, and her legal assertions are incomprehensible and conclusory. "Only a few of her claims [are] specific as to any defendant, and the relevant facts [are] not segregated to each of their respective claims. It is virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant." *Beckwith*, 146 F. App'x at 372; *Brown v. Alabama Dep't of Corr.*, No. 2:19-cv-91-WKW, 2019 WL 4780801, at *3 (M.D. Ala. Sept. 30, 2019) (in identifying the complaint as a shotgun pleading, the court noted, "The count does not specify under what theory each Defendant allegedly is liable or what conduct forms the basis of liability."). Plaintiff does not allege how each Defendant is responsible for or was the cause of each of the alleged statutory and constitutional violations that she asserts. The result is confusion both for Defendants in trying to frame a responsive pleading and for the court in trying to determine

the scope of Plaintiff's claims. Further, in light of the fact that Plaintiff asserts allegations sounding in fraud throughout her complaint, she fails to make clear factual allegations that satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b). She also appears to make claims under criminal laws and other statutes and rules that are not cognizable in a civil complaint brought before this court.

Given the deficiencies in the *pro se* Plaintiff's complaint, the court concludes that, based upon the District Court's inherent authority to manage its docket, the appropriate remedy for this shotgun pleading is to dismiss all of Plaintiff's claims without prejudice and to allow Plaintiff to replead her claims, especially where (as here) Plaintiff has requested the opportunity to do so. *Ross v. Sejin Am., Inc.*, No. 3:18-CV-537, 2019 WL 404174, at *3 (M.D. Ala. Jan. 31, 2019*); Conner v. Marriott Hotel Servs., Inc.*, No. 220CV840FTM38NPM, 2020 WL 6873374, at *2 (M.D. Fla. Nov. 23, 2020). Plaintiff is cautioned that if she chooses to file an amended complaint, she must do the following to avoid dismissal: (1) address the shortcomings of her first complaint noted in this report and recommendation; (2) provide a short and plain statement of the grounds for the court's jurisdiction; (3) comply with the pleading requirements of Federal Rule of Civil Procedure Rule 8 by setting forth, with clarity, short and plain statements showing that she is entitled to relief, (4) comply with the requirements of Federal Rule of Civil Procedure Rule 9(b) by pleading with particularity factual allegations that satisfy the heightened pleading requirement of Rule 9(b); (5) include a factual background section that clearly and concisely sets forth specific factual allegations in support of each claim which directly pertains to her case; (6) state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b), and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *id*.; (7) identify the specific factual allegations and acts by the specific defendant(s) supporting each cause of action within

each count of her amended complaint; (8) clearly specify which defendant is responsible for the alleged unlawful acts referenced within the amended complaint; (9) clearly indicate the specific defendant or defendants against whom she is bringing each cause of action and fully identify each defendant's role with regard to any alleged cause of action; (10) clearly identify by specific reference the applicable federal, state or local law or laws within each cause of action asserted by her and the specific defendant(s) against whom she is asserting that claim; and (11) exclude all generalized and immaterial facts, statements and allegations not specifically related to her claims of relief.

Accordingly, the court RECOMMENDS that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE; that Plaintiff be GRANTED LEAVE to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2); that all of Defendants' motions be DENIED WITHOUT PREJUDICE to refiling and reasserting any arguments that may be relevant to the amended complaint; that Plaintiff be afforded 14 days from the date of the District Court's ruling on this report and recommendation to file an amended complaint that complies with Rules 8, 9, and 10 of the Federal Rules of Civil Procedure; and that if, after Plaintiff is provided an opportunity to file a properly amended complaint consistent with the District Court's ruling, but Plaintiff fails to do so, then Plaintiff's complaint be dismissed with prejudice given that the current complaint is a shotgun pleading.

**IV.    Conclusion**

For the reasons stated above and consistent with the discussion herein, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE; that Plaintiff be GRANTED LEAVE to file an amended complaint; and that Defendants' motions (Docs. 13, 20, 22, 23, 24, 25, 26, 29, 31, 35, 42 and 81) be DENIED WITHOUT PREJUDICE. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before September 7, 2021. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the magistrate judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, on this the 23rd day of August, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge