IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STACY TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-1058-RAH-SMD |
| | ) | |
| MATTHEW W. ROBINETT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In December 2020, pro se Plaintiff Stacy Terry filed a Complaint (Doc. 1) against multiple defendants asserting violations of some forty-eight different federal, state and foreign statutes, rules, and canons, including those relating to 42 U.S.C. § 1983, breach of contract, insurance fraud, criminal civil rights violations, wire fraud, criminal identity theft, consumer law in the United Kingdom, Connecticut civil and criminal statutes of limitations, and violations of the Alabama Rules of Professional Conduct. Terry paid the civil filing fee, and the Complaint was served. Defendants then moved to dismiss the Complaint. *See* Mots. Dismiss (Docs. 13, 22-26, 29, 35).

On August 23, 2021, United States Magistrate Judge Susan R. Walker, who was previously assigned to the case, entered a report and recommendation that Terry's Complaint be dismissed without prejudice and that she be afforded leave to file an amended complaint that complied with the Federal Rules of Civil Procedure. R&R (Doc. 88) p. 13. In that recommendation, Judge Walker identified the deficiencies in the Complaint—namely, that it violated Federal Rules of Civil Procedure 8(a)(2), 10(b), and

9(b)—and provided Terry with specific instructions on how to amend. *Id.* at 10-13. United States District Judge R. Austin Huffaker adopted Judge Walker's recommendation and, on that same day, Terry filed an Amended Complaint. *See* Order (Doc. 90); Amended Complaint (Doc. 91). Defendants then moved to dismiss Terry's Amended Complaint because, in part, it remained deficient under the federal pleading standards and failed to incorporate the directives set forth in Judge Walker's recommendation. Mots. (Docs. 93-99). Three days after the motions were filed, Terry requested an opportunity to amend her Amended Complaint to comply with Judge Walker's recommendation. Mot. (Doc. 101). The undersigned granted Terry's request and advised her to "file an amended complaint that complies with the Federal Rules of Civil Procedure and the prior directives of this Court that were set forth in the previous Magistrate Judge's Recommendation (Doc. 88)."[1] Order (Doc. 108). The undersigned further instructed Terry to "include all relevant information, including any exhibits," in the second amended complaint. *Id.* at 3.

Terry filed her Second Amended Complaint on November 5, 2021. 2d Amended Compl. (Doc. 109). For a third time, Defendants filed motions to dismiss. *See* Mots. to Dismiss (Docs. 110-116). After the motions were fully briefed, Terry requested another opportunity to amend. Mot. Amend (Doc. 138). For the following reasons, it is the recommendation of the undersigned that Defendants' Motions to Dismiss (Docs. 110-116) be granted; that Terry's Motion to Amend (Doc. 138) be denied; and that Terry's Second Amended Complaint be dismissed with prejudice.

---

[1] This case was reassigned to the undersigned on October 6, 2021, after Terry filed her motion to amend.

## I.  <u>SECOND AMENDED COMPLAINT</u>[2]

In 2014, Terry filed a State court action against Parker Development (the "Parker Development Suit") related to property damages. 2d Amended Compl. (Doc. 109) p. 4. As part of that litigation, Defendant Matthew W. Robinett, who was counsel for Parker Development, sought a HIPAA order with the Court, and Defendant Judge J.R. Gaines granted Defendant Robinett's request. *Id.* at 4-5. Terry alleges that her medical history was disclosed pursuant to the HIPAA order, and that Defendant Traveler's Insurance,[3] who was Parker Development's insurer, filed fictitious claims of injuries "on Plaintiff Stacy Terry['s] Medicare record for an Automobile Accident," which occurred some three years prior to the Parker Development Suit. *Id.* at 6. Additionally, Terry claims that during this litigation, her attorney, Defendant Amanda Cook, requested that Terry add her adult children to the suit "for more money," but Terry declined. *Id.* Nonetheless, Terry alleges that Defendant Cook "manufacture[d] medical invoices, medical records releases" related to the suit and amended the State court complaint, with Defendant Judge Gaines's permission, to name Terry's adult children as plaintiffs. *Id.* at 7, 15. Because of Defendant

---

[2] The convoluted nature of the lengthy allegations in the Second Amended Complaint and its attached exhibits make it virtually impossible to summarize the factual basis of Terry's purported claims. Nonetheless, the undersigned provides the following in an attempt to piece together the conduct by which Terry claims to be aggrieved.

[3] It appears that Terry has incorrectly identified Phoenix Insurance Company as Traveler's Insurance. Phoenix Insurance Company avers that it "provided defense and indemnity to all defendants in the claims in the Parker Development Suit." Mot. Dismiss (Doc. 111) p. 1. n.1. Phoenix states that it "is a subsidiary of other companies, which are ultimately owned by The Travelers Companies, Inc." *Id.* For the sake of clarity, the undersigned will refer to Defendant Travelers Insurance as Defendant Phoenix throughout the remainder of this recommendation.

Cook's alleged actions, Terry filed an Alabama State Bar complaint against her for "racial discrimination" and later sued her in state court. *Id.* at 7-8.

At some point, Terry hired Defendants Henry Gillis ("H. Gillis") and Kristen Gillis ("K. Gillis") to mediate and settle the Parker Development Suit. *Id.* at 8. Terry asserts that, although she hired them to settle the case "for property damages," Defendants H. Gillis and K. Gillis "alleged bodily injuries, with knowledge of [Defendant] Judge [] Gaines." *Id.* Terry contends that Defendants H. Gillis and K. Gillis also filed fraudulent claims of an automobile accident "to defraud Medicare," although "it's unclear if claims were filed with Medicaid[.]" *Id.* at 9. Ultimately, Terry claims that Defendant Robinett issued payment to Defendant Cook to settle the Parker Development Suit "with the knowledge that Medicare claims had not been settled." *Id.* at 17.

In a separate State court matter, Terry sued Defendant Lowe's Home Center, LLC, relating to her purchase of a front door, which was damaged during installation. *Id.* at 9-10. Terry claims that Lowe's and its store manager, Defendant Christopher Blake Owen, breached the verbal and written agreement reached after Terry filed suit in State court. *Id.* at 10. She further alleges that Defendant Judge Greg Griffin, who presided over the matter, denied her a hearing and ruled in favor of Lowe's, despite lacking jurisdiction because the amount in question was $600. *Id.* at 9. She claims that Defendant Joseph E. Stott, who represented Lowe's, "mailed copies of Motions he filed with the Court to Plaintiff Stacy Terry causing the Plaintiff['s] response to be untimely." *Id.* at 11. Finally, Terry contends that Defendant Judge Tiffany Mccord "intercepted Plaintiff Stacy Terry['s] motion filed with the court for the Honorable Chief Justice, alleging judicial misconduct against her,

4

wrote her initial TBM, and denied Plaintiff[] Stacy Terry['s] motion as if it was an appeal."[4] *Id.*

In what appears to be a third State court suit,[5] Terry alleges that Defendant Mark Bain, during a motion hearing, "participated in [Defendant] Judge Johnny Hardwick['s] verbal abuse," wherein Defendant Judge Hardwick "repetitively threatened to jail Plaintiff Stacy Terry for practicing law without a license[.]" *Id.* at 12, 31. Terry states that Defendant Bain "did not ask for a continuance, instead he chose to inflame the situation with laughing and smirking at the Judges Hardwicks [sic] egregious bad behavior." *Id.* at 12. Terry asserts that "[t]he repetitive verbal abuse, mocking, threatening to jail Plaintiff Stacy Terry may have caused Plaintiff Mcwhorter[, Terry's adult child,] to have a staring seizure during the Hearing[.]" *Id.* at 12. She contends that Defendant Judge Hardwick offered no medical aid and held her in the hearing against her will. *Id.* at 31.

Terry asserts that the case before Defendant Judge Hardwick was reassigned to Defendant Judge Brook Reid. *Id.* at 33-34. Terry claims that Defendant Judge Reid "was visibly bothered by the fact Judge Johnny Hardwick recused himself" and ultimately removed the case from the State court's docket without a hearing. *Id.* at 13, 33-34.

---

[4] It is unclear from the Second Amended Complaint whether this allegation stems from the Lowe's suit or a different State court matter.

[5] The undersigned is unable to determine the underlying facts of this suit from Terry's Second Amended Complaint.

## II.   DEFENDANTS' MOTIONS TO DISMISS

Defendants move to dismiss Terry's Second Amended Complaint under Federal Rules of Civil Procedure 12(b)(1)[6] and 12(b)(6). As explained below, the undersigned finds that Terry has failed to meet her burden to show that this Court has subject matter jurisdiction over the Second Amended Complaint. As such, the undersigned recommends that the Second Amended Complaint be dismissed. Alternatively, if this Court were to conclude that Terry has sufficiently established this Court's jurisdiction, the Second Amended Complaint should be dismissed as a shotgun pleading.[7]

## III.   STANDARDS OF REVIEW

### A.  Dismissal Under Rule 12(b)(1)

Under Rule 12(b)(1), a court must dismiss an action if it lacks subject matter jurisdiction to hear the plaintiff's claims. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Attacks on subject matter jurisdiction come in two forms: facial attacks and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Facial attacks" on the complaint require "the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Id.* at 1529 (quoting *Menchaca*

---

[6] Defendant Phoenix and Defendant Robinett assert that the Court lacks subject matter jurisdiction due to Terry's lack of standing. Mot. Dismiss (Doc. 111) p. 7; Mot. Dismiss (Doc. 114) p. 10. Defendants Lowe's, Stout, and Owens argue that Terry has not alleged a federal question. Mot. Dismiss (Doc. 112) pp. 6-7. Defendant Bain contends that the Court lacks jurisdiction as to any claim asserted against him. Mot. Dismiss (Doc. 113) p. 9. And the judicial Defendants argue that they enjoy absolute judicial immunity as to Terry's claims against them. Mot. Dismiss (Doc. 115) p.9.

[7] *See Manning v. Harper*, 460 F. App'x 872, 875 (11th Cir. 2012) ("'Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds.'" *Boda v. United States*, 698 F.2d 1174, 1177 n. 4 (11th Cir.1983)).

*v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). In a facial attack, the allegations in the complaint "are taken as true for purposes of the motion." *Id.* "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*

### B. Dismissal Under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The Eleventh Circuit explains that "complaints . . . must now contain either direct or inferential [factual] allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010) (internal citations and quotations omitted). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678.

To determine whether a plaintiff has stated a claim, a court should first "eliminate any allegations in the complaint that are merely legal conclusions," and then, if there are any well pleaded factual allegations remaining, assume their veracity and decide "whether they plausibly give rise to an entitlement to relief." *Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal citations and quotations omitted). "The plausibility standard is met only where the facts alleged enable 'the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F. 3d 1246, 1251 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### C. Pro Se Filings

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court "does not have license to rewrite a deficient pleading," and— like complaints drafted by attorneys—a pro se complaint must be dismissed if it fails to state a claim on which relief may be granted. *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

## IV.   <u>ANALYSIS</u>

### A.   The Second Amended Complaint Does Not Sufficiently Allege Jurisdiction.

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or Congress. *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress granted federal courts jurisdiction over two general types of cases: (1) cases that arise under federal law, 28 U.S.C. § 1331, and (2) cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, 28 U.S.C. § 1332(a). *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).  Courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Indeed, "[i]t is the responsibility of the plaintiff to establish subject matter jurisdiction, and this [she] must do by affirmatively alleg[ing] facts demonstrating the existence of jurisdiction and includ[ing] a short and plain statement of the grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a)." *Smith v. Wood*, 2013 WL 3367107, at *2 (N.D. Ala. July 5, 2013) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)) (internal quotation marks omitted).

Terry's Second Amended Complaint alleges violations of the First, Fourth, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution, along with claims of "extrinsic" fraud, Medicare fraud, violations of the False Claims Act, federal criminal health care fraud (18 U.S.C. § 1347), federal criminal fraud (18 U.S.C. § 287), federal conspiracy (18 U.S.C. § 241), federal criminal deprivation of rights under color of law (18 U.S.C. § 242), 28 U.S.C. § 1983, HIPAA violations, and violations of various rules of the

Alabama Rules of Professional Conduct. 2d Amended Compl. (Doc. 109) pp. 1, 3. Terry asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.[8] *Id.* at 3.

Although Terry attempts to invoke federal question jurisdiction by referencing constitutional violations and federal statutes, "[t]he mere mention of a federal statute in a complaint does not create federal question jurisdiction." *Kumar v. ChaseBank, N.A*., 2013 WL 4670193, at *1 (M.D. Fla. Aug. 28, 2013). "Rather, federal question jurisdiction requires that a party assert a substantial federal claim." *Id.* Thus, a claim that appears to invoke federal question jurisdiction may be dismissed for lack of subject matter jurisdiction if "(1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (quotations and emphasis omitted). Under the second prong, "subject matter jurisdiction is lacking only if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* (quotations omitted). "The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover," but rather, whether the alleged cause of action is so "patently without merit" as to justify the court's dismissal for lack of jurisdiction. *McGinnis v. Ingram Equip. Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) (quotations omitted).

---

[8] Terry does not attempt to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 and it does not appear from the allegations contained in the Second Amended Complaint that such jurisdiction exists.

It is abundantly clear that Terry's references to certain federal statutes and constitutional provisions cannot provide the basis of this Court's jurisdiction. For example, this Court's jurisdiction cannot be based on Terry's purported claims under the federal criminal statutes because such claims have no plausible foundation and are patently without merit. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1303 (11th Cir. 2008) (rejecting the notion that Congress authorized "a federal private right of action any time a civil plaintiff invokes a federal criminal statute"). Similarly, the Court's jurisdiction cannot be based on Terry's claim of Medicare/Medicaid fraud under the False Claims Act.[9] *Neira v. Bank of Am. Corp., N.A*., 2015 WL 12826544, at *1 (S.D. Fla. Nov. 25, 2015) ("In the Eleventh Circuit, district courts lack subject matter jurisdiction over *qui tam* claims based on the False Claims Act that are brought by pro se relators.") (citing *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)); *Allen v. Franklin Am. Mortg. Co*., 2014 WL 12780147, at *1 (N.D. Ga. June 23, 2014) (finding that the court lack subject matter jurisdiction over the pro se plaintiff's FCA claims). Likewise, Terry cannot assert a claim under HIPAA. *Crawford v. City of Tampa*, 397 F. App'x 621, 623 (11th Cir. 2010) (agreeing with the Fifth Circuit that no private right of action exists under HIPAA); *Wonders v. McHugh*, 2013 WL 1729928, at *6 (M.D. Ala. Apr. 4, 2013) (finding that "without an express or implied private right of action, the Court determines that there is no federal subject matter jurisdiction over Plaintiff's HIPAA claims"). And, although Terry

---

[9] Terry's allegations suggest that she is attempting to assert that Defendant(s) filed a false claim to Medicare/Medicaid as part of the Parker Development Suit. A Medicare/Medicaid claim of false reporting—i.e., fraud—could arise under the False Claims Act. *See* 31 U.S.C. § 3729. Therefore, the undersigned liberally construes Terry's Second Amended Complaint to allege such a claim.

asserts that her First, Fourth, Fifth, and Seventh Amendment rights were violated, she does not allege sufficient facts for the undersigned to conclude that she is actually raising a federal claim and not merely referencing these Amendments in an attempt to invoke this Court's jurisdiction.[10] Thus, Terry's reference to these Amendments "appears to be immaterial and made solely for the purpose of obtaining jurisdiction." *See Sanders*, 138 F.3d at 1352.

Because the Second Amended Complaint falls woefully short of meeting the federal pleading standards, it is impossible to determine with any degree of certainty whether this Court has jurisdiction over Terry's claims. As such, the undersigned finds that Terry has not filed a well-pleaded complaint that presents a federal question on its face and thus has

---

[10] Terry is suing several State court judges in their individual and official capacities for actions they took during State court proceedings. Specifically, Terry alleges that Defendant Judge Griffin ruled in favor of her opposition in the Parker Development Suit without allowing a hearing; that Defendant Judge McCord "intercepted" and denied a motion that she filed relating to judicial misconduct; that Defendant Judge Reid removed a case from the State court's docket without a hearing; and that Defendant Judge Hardwick verbally abused and embarrassed her during a proceeding and held her in the hearing against her will. From these allegations, it could be argued that Terry is attempting to bring § 1983 claims against the Defendant State court judges. However, because Terry has failed to meaningfully identify her causes of action and link them to Defendants and their conduct, the undersigned will not infer these claims simply for the purpose of assuming jurisdiction over the Second Amended Complaint.

Further, to the extent Terry is bringing claims against the judicial Defendants for actions they took or did not take in the State court cases, those claims would be barred by judicial immunity. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'"). All of the allegations against Defendant Judges Gaines, Hardwick, McCord, and Reid arise from judicial acts they took during Terry's multiple State court cases. As such, these Defendant Judges would be entitled to judicial immunity for their actions. Notably, Terry asserts that Defendant Judge Griffin lacked jurisdiction to preside over Terry's State court cases. However, it appears that Defendant Judge Griffin, as an Alabama Circuit Court judge, acted in an appellate role in those cases. *See* Exhibit 3 (Doc. 115-3) pp. 5-6; Exhibit 5 (Doc. 115-5) pp. 22-27. Circuit courts in Alabama have jurisdiction over appeals from the district courts, of which small claims court is a division. *See* ALA. CODE § 12-12-31 (small claims court is a division of the district court); ALA. CODE § 12-11-30(3) ("The circuit court shall have appellate jurisdiction of civil, criminal, and juvenile cases in district court."). Defendant Judge Griffin's actions, then, in assuming jurisdiction over appeals from small claims court were proper and constituted a judicial duty.

not met her burden to establish that this Court has jurisdiction over her Second Amended Complaint. *See Muhammad v. Muhammad*, 654 F. App'x 455, 458 (11th Cir. 2016) (finding that the district court did not err in concluding that it lacked subject matter jurisdiction over a shotgun complaint, despite the pro se plaintiff's references to a number of federal-law claims); *O'Neal v. Allstate Indem. Ins. Co., Inc*., 2020 WL 7234165, at *1200-01 (N.D. Ala. Dec. 4, 2020) ("Although the complaint is peppered with citations to federal legal authorities, it is clear from the factual allegations and the supplemental documentation submitted with the complaint that, taken as a whole, the pleadings present no substantial question of federal law."). Accordingly, the Second Amended Complaint should be dismissed.

## B. The Second Amended Complaint Fails to Meet the Federal Pleading Standards.

Alternatively, if this Court were to conclude that Terry has sufficiently established this Court's jurisdiction, the Second Amended Complaint should be dismissed because it fails to give Defendants adequate notice of the claims against them and therefore violates Rule 8(a)(2). Complaints that violate Rule 8(a)(2) are frequently referred to as shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018) (explaining that a shotgun pleading violates the short and plain statement requirement of Rule 8). The Eleventh Circuit recognizes four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint not falling into the first category but nevertheless

"replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "into a different count each cause of action or claim for relief"; and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23. Regardless of the category under which it falls, a shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1223.

The Eleventh Circuit shows "little tolerance for shotgun pleadings," even when the plaintiff proceeds pro se. *See, e.g.*, *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (quoting *Vibe Micro, Inc.*, 878 F.3d at 1295). However, "[b]efore dismissing a complaint with prejudice on shotgun pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." *Arrington*, 757 F. App'x at 797. If "the plaintiff fails to comply with the court's order—by filing [another complaint] with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Vibe Micro, Inc.*, 878 F.3d at 1295.

Here, Terry's Second Amended Complaint falls into the second category of shotgun pleadings because it is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The Second Amended Complaint, which is one hundred thirty-eight paragraphs long and attaches two hundred twenty-one exhibits (for a

grand total of two hundred eighty-four pages), is rife with allegations and information that have no relevance to any particular cause of action. As best the undersigned can tell, Terry is suing a Lowe's store and its manager, against whom Terry filed a small claims action in State court for breach of warranty; several lawyers who represented and opposed her in State court actions; an insurer for one of the defendants in one of the State court suits; and the State court judges who presided over those matters. Terry contends that these Defendants somehow conspired against her and perpetrated fraud on Medicare/Medicaid. But despite a careful reading and a liberal construction of the Second Amended Complaint, the undersigned is unable to connect Terry's disjointed allegations to any plausible cause of action. As such, the Second Amended Complaint falls within the second category of shotgun pleadings and therefore fails to satisfy the federal pleading standards.

Additionally, Terry's Second Amended Complaint falls within the third category of shotgun pleadings because it fails to separate the causes of action or claims for relief into different counts. The Second Amended Complaint contains a section identifying Terry as Plaintiff; a section identifying Defendants; a jurisdictional statement; a list of her State court cases; an introduction; and a background section. The remainder is a thirty-page section sporadically identifying the conduct by which she claims to be aggrieved. In the opening paragraph and the jurisdictional statement sections of the Second Amended Complaint, Terry references multiple federal and state statutes and professional rules of conduct. However, she does not set forth any of these "claims" into different counts. As such, the Second Amended Complaint falls within the third category of shotgun pleadings and fails to meet the federal pleading standards.

Making matters worse, Terry's Second Amended Complaint falls within the fourth category of shotgun pleadings because it asserts multiple claims against Defendants without specifying which Defendants the claims are brought against. This leaves the undersigned and Defendants without the ability to determine which claim is asserted against which Defendant and whether that Defendant's alleged conduct supports such a claim. As such, the Second Amended Complaint falls within the fourth category of shotgun pleadings and fails to satisfy the federal pleading standards.

In addition to violating Rule 8(a)(2), Terry's Second Amended Complaint also violates Rule 9(b) of the Federal Rules of Civil Procedure. Terry makes muddled factual allegations that sound in fraud; however, these allegations fail to satisfy the particularity requirement of Rule 9(b), which requires a party to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). According to the Eleventh Circuit, Rule 9(b) is satisfied when the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). The Second Amended Complaint meets none of these requirements pertaining to Terry's allegations of fraud and therefore fails to alert Defendants as to the precise misconduct with which they are charged. *See Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (noting that "[t]he particularity rule serves an important

purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged") (internal citations omitted).

For these reasons, Terry's Second Amended Complaint fails to meet the federal pleading standards and should be dismissed.

## V.   **MOTION TO AMEND**

Under Rule 15(a), a plaintiff has the right to amend a complaint "once as a matter of course within . . . 21 days after serving it[.]" FED. R. CIV. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," but "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "Although leave to amend shall be freely given . . . , a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (alterations and quotations marks omitted). As the party seeking leave to amend, the plaintiff bears the "burden of establishing entitlement to it." *In re Engle Cases*, 767 F.3d 1082, 1119 n. 37 (11th Cir. 2014).

Terry seeks another opportunity to amend her Second Amended Complaint in light of "new evidence" that Defendant Phoenix did not disclose that it issued payment for settlement in the Parker Development Suit. Mot. Amend (Doc. 138) p. 1. Terry claims that she was not aware that Defendant Phoenix paid her former counsel, Defendants H. Gillis and K. Gillis, for settlement of the Parker Development Suit, and that she did not receive any of the alleged settlement from her former counsel. *Id.* at 1-2. Terry contends that there

were two payments issued for the settlement of the Parker Development Suit—one by Defendant Robinett and the other by Defendant Phoenix—although only one was disclosed to her. *Id.* at 2. Terry contends that she "had no knowledge of the undisclosed settlement payment from Phoenix Insurance Company when she filed her November 5, 2021, 'Amended Complaint' therefore Phoenix Insurance Company admission would not be a part of Plaintiff Stacey [sic] Terry November 5, 2021 'Amended Complaint'." Terry's "Reply" (Doc. 141) p. 1.

Terry points to Defendant Phoenix's most recent Motion to Dismiss (Doc. 111), which was filed on November 19, 2021, as the source of her newly found evidence. Defendant Phoenix's Motion states, in relevant part, that it "issued a payment to settle the Parker Development Suit and submitted statutorily mandated notice of the settlement of that case to Medicare." Mot. (Doc. 111) at 19. Defendant Phoenix continues: "Plaintiff's lawsuit against Parker Development did not involve an automobile accident, and Plaintiff has not included any factual allegations or exhibits in her Second Amended Complaint indicating that Defendant Phoenix submitted a notice or 'claim' to Medicare referencing an automobile accident." *Id.* at 19-20. Terry represents that, in contrast to this recent filing, Defendant Phoenix previously "filed several motions [Docs. 31, 87, and 104]" that omitted "issuing payments for the settlement of [the Parker Development Suit]." Mot. Amend (Doc. 138) p. 1.

But contrary to Terry's contentions, Defendant Phoenix indeed disclosed that it issued payment to settle the Parker Development Suit. And, importantly, these disclosures

occurred months prior to Terry filing her Second Amended Complaint. These disclosures include:

- On April 30, 2021, Defendant Phoenix stated in its initial Motion to Dismiss (Doc. 81): "As Plaintiff makes clear in both her Complaint and her Response to Motion for a More Definite Statement, *Phoenix issued a payment to Plaintiff to settle the Parker Development Suit*." Mot. (Doc. 81) p. 6 (emphasis added).

- On September 21, 2021, Defendant Phoenix stated in its Motion to Dismiss Plaintiff's Amended Complaint (Doc. 95): "As Plaintiff alleges in her Amended Complaint, *Phoenix issued a payment to settle the Parker Development Suit* pursuant to the terms of an agreement negotiated by Parker Development's defense attorneys and Plaintiff's attorneys, to which Plaintiff assented." Mot. (Doc. 95) p. 12 (emphasis added).

- Again in the September 21 Motion, Defendant Phoenix further stated: "Plaintiff's Amended Complaint, as well as the documents incorporated therein by reference, make clear that *Phoenix issued a payment to settle the Parker Development Suit* and submitted statutorily mandated notices of the settlement of that case to Medicare." *Id.* at 16 (emphasis added).

- And finally in the September 21 Motion, Defendant Phoenix stated: "*Phoenix was the insurer that issued the payment to settle the Parker Development Suit* pursuant to the terms of this agreement." *Id.* at 19 (emphasis added).

Terry's attempt to amend her complaint based on "new evidence" that Defendant Phoenix issued a settlement check for the Parker Development Suit is disingenuous at best.

It is clear that, prior to filing her Second Amended Complaint, Terry was on notice that Defendant Phoenix issued a payment to settle the Parker Development Suit. As such, Terry should not be afforded an additional opportunity to amend her complaint to add this information. *See Sosa v. Airprint Sys., Inc*., 133 F.3d 1417, 1419 (11th Cir. 1998) (providing that a relevant factor in finding that a court did not abuse its discretion in denying leave to amend was the "the information supporting the proposed amendment to the complaint was available to [the plaintiff] even before she filed suit"); *Conroy Datsun Ltd. v. Nissan Motor Corp., U.S.A*., 506 F. Supp. 1051, 1054 (N.D. Ill. 1980) ("It is incumbent upon the movant to show that the information upon which the new claim is based was unknown or unavailable prior to filing the motion.").

Additionally, it is important to note that Terry's proposed amendment would not rectify the jurisdictional or pleading deficiencies of the Second Amended Complaint. Terry has been afforded two opportunities to amend her complaint and has been given specific instruction by Judge Walker regarding how to amend to satisfy the federal pleading standards. Specifically, Judge Walker advised Terry that, to avoid dismissal, she must file a complaint that, *inter alia*, (1) complies with the pleading requirements of Federal Rule of Civil Procedure Rule 8 by setting forth, with clarity, short and plain statements showing that she is entitled to relief; (2) provides a short and plain statement of the grounds for the court's jurisdiction; (3) complies with the heightened pleading requirements of Rule 9(b); (4) provides a factual background section that clearly and concisely sets forth specific factual allegations in support of each claim; (5) identifies the specific factual allegations and acts by the specific Defendants supporting each cause of action within each numbered

count; (6) clearly specifies which Defendant is responsible for the alleged unlawful acts referenced within the amended complaint; (7) clearly indicates the specific Defendant against whom she is bringing each cause of action and fully identifies each Defendant's role with regard to any alleged cause of action; and (8) excludes all generalized and immaterial facts, statements, and allegations not specifically related to her claims. R&R (Doc. 88) pp. 12-13.

Despite two opportunities to comply with Judge Walker's recommendation, Terry has failed to cure the deficiencies and has not filed a complaint that satisfies the federal pleading standards or Judge Walker's specific directives. Indeed, her Second Amended Complaint suffers from many—if not all—of the same fatal flaws as her original and amended complaints. Therefore, Terry should not be allowed to amend her complaint for a third time, particularly considering (1) the prejudice additional amendment would place on Defendants, who have already filed and fully briefed two rounds of motions to dismiss, *see Wade v. Hopper*, 993 F.2d 1246 (7th Cir. 1993) (affirming denial of motion to amend complaint for the third time where the plaintiff was allowed to amend twice and the defendants had fully briefed motions to dismiss the second amended complaint); and (2) Terry's undue delay in seeking the amendment based on "new evidence," which would not rectify the jurisdictional or pleading deficiencies in the Second Amended Complaint. For these reasons, Terry should not be allowed an additional opportunity to prolong this litigation by filing a third amended complaint. *See Friedlander v. Nims*, 755 F.2d 810, 811-12, 813-14 (11th Cir. 1985) (concluding dismissal with prejudice was appropriate where

the district court gave "specific and repeated warnings," which went ignored by the pro se plaintiff) (abrogated on other grounds).

## VI.   <u>CONCLUSION</u>

Accordingly, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Defendants' individual and collective Motions to Dismiss (Docs. 110, 111, 112, 113, 114, 115, and 116) be GRANTED and that Terry's Second Amended Complaint (Doc. 109) be DISMISSED with prejudice. Further, it is the

RECOMMENDATION of the undersigned that Terry's Motion to Amend (Doc. 138) be DENIED and that this case be dismissed without further opportunity to amend. Finally, it is

ORDERED that the parties shall file any objections to this Recommendation on or before July 27, 2022.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-

1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of July, 2022.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE